USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ASHLEY PRENDERGAST,

                Plaintiff,

     v.

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY and JAMES SABATELLI,

                Defendants.
----------------------------------------------------------------X

Case No.: 19-cv-7314 (ALC) (BCM)

**STIPULATION AND ORDER
OF CONFIDENTIALITY**

      Parties to the above-captioned litigation hereby stipulate to the following confidentiality order:

      1.      Any party to this litigation shall have the right to designate as "Confidential" and subject to this Stipulation and Order of Confidentiality ("Confidentiality Order") any information, document, or thing, or portion of any document or thing: (a) that contains private or confidential personal information, or (b) that contains information received in confidence from third-parties, or (c) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2, or (d) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information.  Any party to this litigation covered by the Order who produces or discloses any confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY—SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. As used in this Confidentiality Order, the terms "CONFIDENTIAL," "CONFIDENTIAL—SUBJECT TO CONFIDENTIALITY ORDER," or "Attorneys' Eyes Only" includes any information that is disclosed by a party to the opposing party or its counsel in the course of discovery proceedings in this action and which at or before the time of disclosure has been designated as information subject to the Confidentiality Order by the party disclosing it in one or more of the following ways:

a. Information set forth in an answer to an interrogatory may be so designated by including the words "Confidential—Subject to Confidentiality Order" and/or "Attorneys' Eyes Only" in the answer.

b. Information contained in any document or part thereof may be so designated by marking the words "Confidential—Subject to Confidentiality Order" and/or "Attorneys' Eyes Only" on the document or any copy of it delivered to the opposing party or its counsel or by

giving written notice to counsel for the opposing party, describing the document or part thereof either specifically or by category.

      c.     Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given.

    4.     Information Subject to the Confidentiality Order disclosed to the opposing party or its counsel during the course of discovery proceedings in this action:

      a.     Shall be used by the opposing party and counsel only for purposes of this action;

      b.     Shall not be published to the public in any form by the opposing party or counsel, or used by the opposing party for any business or commercial purposes;

      c.     Shall be disclosed by the opposing party or its counsel only to the following persons:

          i.     the opposing party or attorneys of record for the opposing party, including any attorneys employed by a law firm of record that represents the opposing party;

          ii.     secretarial, clerical and paralegal, or student personnel employed full-time or part-time by attorneys or a law firm that represents the opposing party;

          iii.     independent (non-employee) expert witnesses or advisors retained by the opposing party in connection with this action;

          iv.     officers and managerial or supervisory personnel of the party;

          v.     court reporters or stenographers engaged to record deposition testimony, and their employees;

          vi.     the Court, its personnel, and court reporters and videographers transcribing or recording testimony at depositions or hearings;

    vii. any person who authored or previously received the document or information before its designation as "Confidential—Subject to the Confidentiality Order," or "Attorneys' Eyes Only";

    viii. any person necessarily incidental to discovery and/or the preparation for trial of this matter; and

    ix. such other persons as hereafter may be authorized by the Court upon motion of either party.

  5. A copy of this Confidentiality Order shall be delivered to each of the named parties and to each person within paragraphs 4(c)(iii), 4(c)(iv), 4(c)(v) and 4(c)(ix) above, to whom a disclosure of Information Subject to the Confidentiality Order is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Confidentiality Order shall be binding upon each such person to whom disclosure is made.

  6. The provisions of this Confidentiality Order shall not be construed as preventing:

  a. Any disclosure of Information Subject to the Confidentiality Order by the party that designated the information as such;

  b. Any disclosure of Information Subject to the Confidentiality Order to any judge, magistrate, or employee of this Court for purposes of this action;

  c. Any disclosure of Information Subject to the Confidentiality Order if a party or person to whom Information Subject to the Confidentiality Order has been produced, thereafter becomes obligated to disclose the information in response to a subpoena or other legal process; provided that the subpoenaed party or person gives written notice within seven (7) business days of receipt of the subpoena to counsel for the disclosing party; and

d. Any disclosure of Information Subject to the Confidentiality Order to any persons consented to by the party designating the information as such, or by its counsel.

7. All information subject to confidential treatment in accordance with the terms of this Confidentiality Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any Information Subject to the Confidentiality Order, shall be filed under seal and kept under seal until further order of the Court. Where possible, only those portions of filings with the Court that constitute Information Subject to the Confidentiality Order shall be filed under seal.

8. This Confidentiality Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information, or other confidential matter; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; (c) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Confidentiality Order; or (d) prejudice in any way the right of a party to apply to the Court for a further Confidentiality Order relating to any Information Subject to the Confidentiality Order.

9. Upon the conclusion of this litigation, all Information Subject to the Confidentiality Order supplied by the producing party and all copies thereof shall be returned to the producing party or such Information Subject to the Confidentiality Order shall be certified to have been destroyed. "Conclusion of this Litigation" shall mean the time when any settlement or judgment has become final and all appeal periods have expired.

10. Nothing in this Confidentiality Order shall preclude a party from submitting Information Subject to the Confidentiality Order in support of a dispositive motion in this action.

11.     Nothing in this Confidentiality Order shall preclude a party from offering Information Subject to the Confidentiality Order into evidence at a trial of this action.

12.     The Parties agree to be bound by the terms of this Confidentiality Order pending its entry by the Court.

The parties to this action consent to entry of this Confidentiality Order.

| ADVOCATES FOR JUSTICE | PORT AUTHORITY LAW DEPARTMENT |
|---|---|
| Chartered Attorneys | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | The Port Authority of New York and New Jersey |

By: /s/ Cheryl Alterman
Cheryl Alterman, Esq.

By: *Richard Soto*
Richard Soto, Esq.
225 Broadway, Suite 1902
New York, New York 10007
Telephone: (212) 285-1400

Megan Lee, Esq.
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10007
(212) 435-3431

Dated: December 3, 2020

SO ORDERED.

_____
HON. BARBARA MOSES
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ASHLEY PRENDERGAST,

                Plaintiff,

    v.

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY and JAMES SABATELLI,

                Defendants.
----------------------------------------------------------------X

Case No.: 19-cv-7314 (ALC) (BCM)

**STIPULATION AND ORDER
OF CONFIDENTIALITY**

## ACKNOWLEDGMENT OF
## STIPULATION & ORDER OF CONFIDENTIALITY

    I, _____, hereby certify that I have read the Stipulation & Order of Confidentiality (Confidentiality Order) entered in the United States District Court for the Southern District of New York in the action entitled *Ashley Prendergast v. The Port Authority of New York and New Jersey et al*. I understand the Confidentiality Order and agree to be bound by its terms.

    Specifically, and without limitation upon such terms, I agree that: (1) I will not at any time reveal to or discuss with anyone the contents of Information Subject to the Confidentiality Order furnished to me in the course of this action, except as expressly authorized by the Confidentiality Order, or as otherwise permitted by the Court; (2) any information furnished to me will be used by me only for purposes of this action and for no other purpose; and (3) I consent to personal jurisdiction in the United States District Court for the Southern District of New York with respect to enforcement of the Confidentiality Order and Acknowledgment.

Dated:_____            _____
                                                                                          SIGNATURE